UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-cr-0554-PJH-4 |
| Plaintiff/Respondent, | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| | (COMPASSIONATE RELEASE) |
| RAQUEL PORTILLO, | |
| Defendant/Movant. | |

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

[ ] Time served.

If the defendant's sentence is reduced to time served:

[ ] This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ]   There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

   [ ]   The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

   [ ]   The conditions of the "special term" of supervision are as follows:

[ ]   The defendant's previously imposed conditions of supervised release are unchanged.

[ ]   The defendant's previously imposed conditions of supervised release are modified as follows:

B.  [ ]  **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

C.  [X]  **DENIED** after complete review of the motion on the merits.

D.  [X]  **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

   1. **Extraordinary and Compelling Reasons to Warrant Reduction of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements**

Section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances."  The United States Sentencing Guidelines § 1B1.13 policy statement contains examples of such circumstances, though other circuit courts have recently held that § 1B1.13 is not applicable to defendant-filed motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); see also United States v. McCoy, 981 F.3d 271 (4th Cir. Dec. 2, 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. Nov. 20, 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. Nov. 20, 2020).

However, the Ninth Circuit has not issued a similar ruling that § 1B1.13 is inapplicable.  In the absence of controlling authority from the Ninth Circuit, this court will not assume that § 1B1.13 is entirely "inapplicable."  In light in the evolving circuit court jurisprudence, the court considers § 1B1.13 to be "helpful guidance," even if not binding.  See United States v. Burrill,

445 F.Supp.3d 22, 24 n.2 (N.D. Cal. 2020) ("even courts which have found the provision to be outdated have held it continues to provide 'helpful guidance.'") (internal citation omitted).

Specifically, section 1B1.13 identifies physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Defendant has submitted medical records showing that she has been diagnosed with asthma. See Dkt. 190, Ex. C.[1] The Centers for Disease Control and Prevention ("CDC") have listed "moderate to severe" asthma as a medical condition that increases the risk of severe illness from the virus that causes COVID-19. See Dkt. 189 at 5, n.7. The government does not dispute, for purposes of this motion, that defendant's asthma may qualify as "moderate to severe" under the CDC guidelines. Dkt. 191 at 7.

Defendant's motion also cites her anemia as a possible basis for finding extraordinary and compelling circumstances warranting release. Dkt. 189 at 6. However, defendant also acknowledges that the "CDC does not list anemia as a condition known to increase risk from COVID-19." Id. at 4.

Because the government does not challenge defendant's description of her asthma as "moderate to severe," the court will assume, for purposes of this motion, that defendant's asthma

---

[1] Defendant has filed a motion to seal her medical records as containing confidential and personal medical information. See Dkt. 188. Defendant's motion to seal is GRANTED.

does put her at risk for more severe COVID-19 effects. However, the current conditions at FCI Dublin, where defendant is imprisoned, do not place defendant in a position where her medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is a condition "from which he or she is not expected to recover." As of February 9, 2021 (the date on which the government's opposition brief was filed), there were zero active COVID-19 cases among inmates; and as of February 18, 2021 (the date of this order), there are also zero active COVID-19 cases among inmates. See Dkt. 191 at 12; https://www.bop.gov/coronavirus.

Given that there are zero active COVID-19 cases among inmates at FCI Dublin, the court cannot find that defendant's asthma, by itself, constitutes an extraordinary and compelling reason warranting release. However, out of an abundance of caution, the court will still consider whether the section 3553(a) factors would warrant release in this case, if defendant had established "extraordinary and compelling reasons" under section 3582(c)(1)(A)(i).

**2. Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

[]   The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
    [ ] Mens Rea  [ ] Extreme Conduct      [ ] Dismissed/Uncharged Conduct
    [ ] Role in the Offense              [ ] Victim Impact
    [ ] ***Specific considerations:***

[]   The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
    [ ] Aberrant Behavior            [ ] Lack of Youthful Guidance
    [ ] Age                          [ ] Mental and Emotional Condition
    [ ] Charitable Service/Good Works [ ] Military Service
    [ ] Community Ties               [ ] Non-Violent Offender
    [ ] Diminished Capacity          [ ] Physical Condition
    [ ] Drug or Alcohol Dependence   [ ] Pre-sentence Rehabilitation
    [ ] Employment Record            [ ] Remorse/Lack of Remorse
    [ ] Family Ties and Responsibilities [ ] Other: *(Specify)*

    [ ] Issues with Criminal History: *(Specify)*

[X] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*

[X] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

[ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*

[ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*

[ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*

[ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

[X] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*

The Guideline range for defendant's conduct was 87 to 108 months imprisonment. See Dkt. 131.[2] The government sought a sentence of 87 months imprisonment. See Dkt. 138. The U.S. Probation Office recommended a downward variance sentence of 60 months. See Dkt. 131. The court ultimately sentenced defendant to 48 months imprisonment, a further downward variance than that recommended by Probation. See Dkt. 146.

Defendant's imprisonment began on March 19, 2019. Dkt. 189 at 2. She has been imprisoned for approximately 23 months.

The court notes that defendant has exhibited good conduct while imprisoned, including earning her GED and becoming a GED tutor for others. Dkt. 189 at 8. Through her conduct, defendant has earned credits and is scheduled for release in November 2021, approximately nine months from now. Dkt. 193 at 4.

Taking into account defendant's credits, her motion seeks to effectively reduce her sentence to 39 months. Given that the Guideline range for defendant's offense was 87 to 108 months, a 39-month sentence would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. A sentence that far below the Guideline range would also not reflect the seriousness of the offense or afford adequate deterrence to criminal conduct. These factors are also relevant to any analysis under U.S.S.G. § 1B1.13 and 18 U.S.C. § 3142(g).

[ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

[ ] **Specific considerations**:

---

[2] The government has attached a copy of defendant's probation presentence report ("PSR") to its opposition brief, and filed a motion to seal the PSR. See Dkt. 192. The government's motion to seal is GRANTED.

**E.   [ ]   DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated:  February 18, 2021

_____
*/s/ Phyllis J. Hamilton*
Phyllis J. Hamilton
UNITED STATES DISTRICT JUDGE
